UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>OMARI JUAN BEIDLEMAN,<br><br>  Defendant. | Criminal No. 25-CR-270 (SLS) |

## MOTION TO DISMISS INFORMATION WITHOUT PREJUDICE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure to dismiss the information against Omari Juan Beidleman without prejudice and to vacate the trial scheduled for November 17, 2025.

Pursuant to Rule 48(a), the government may dismiss an indictment, information, or complaint with leave of the Court. Fed. R. Crim. P. 48(a); see also *United States v. Poindexter*, 719 F. Supp. 6 (D.D.C. 1989). "[T]he Supreme Court has declined to construe Rule 48(a)'s 'leave of court' requirement to confer any substantial role for courts in the determination whether to dismiss charges." *United States v. Fokker Servs. B.V.*, 818 F.3d 733, 742 (D.C. Cir. 2016). The principal object of the "leave of court" requirement has been understood to protect a defendant against prosecutorial harassment when the government moves to dismiss charges over the defendant's objection. *Id.* (citing *Rinaldi v. United States*, 434 U.S. 22, 29 n. 15 (1977)).

As a general matter, Rule 48(a) allows the court to reject the government's motion to dismiss without prejudice only in "exceptional" cases due to the "strong presumption in favor of a no prejudice dismissal." *United States v. Borges*, 153 F. Supp. 3d 216, 219 (D.D.C. 2015). *See also, e.g.*, *United States v. Trump*, 757 F. Supp. 3d 82, 83 (D.D.C. 2024) ("When a prosecutor

moves to dismiss an indictment without prejudice, there is a strong presumption in favor of that course. A court may override the presumption only when dismissal without prejudice would result in harassment of the defendant or would otherwise be contrary to the manifest public interest." (citations and quotation marks omitted)).

Here, after careful review, the government has determined that the interests of justice favor prosecution in D.C. Superior Court over continued federal prosecution. Accordingly, the government respectfully moves to dismiss the complaint without prejudice. This motion is made in good faith, is not intended to harass the defendant, and is consistent with the public interest.

In light of the government's motion, the Government also respectfully requests the trial in this case be vacated.

                                        Respectfully submitted,

                                        JEANINE FERRIS PIRRO
                                        United States Attorney

By:    /s/ *Kate M. Naseef*
           KATE M. NASEEF
           VA Bar No. 87850
           Assistant United States Attorney
           U.S. Attorney's Office
           Violent Crime & Narcotics Trafficking Section
           601 D Street, NW
           Washington, D.C. 20530

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>OMARI JUAN BEIDLEMAN,<br><br>　　　　　Defendant. | **Criminal No. 25-CR-270 (SLS)** |

### ORDER

Upon consideration of the government's motion to dismiss the complaint without prejudice, and for good cause shown, it is hereby: ORDERED that the motion is GRANTED. The complaint against Mr. Beidleman is hereby DISMISSED WITHOUT PREJUDICE.

It is further ORDERED that the trial scheduled for November 17, 2025, is VACATED.

SO ORDERED.

Date: _____    _____
　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　SPARKLE L. SOOKNANAN
　　　　　　　　　　　　　　　　　United States District Judge