**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

UNITED STATES OF AMERICA,

v.

OMARI JUAN BEIDLEMAN,

        *Defendant.*

Criminal Case No. 25 - 270

Judge Sparkle L. Sooknanan

---

<u>**MEMORANDUM OPINION**</u>

In 1940, then-Attorney General Robert H. Jackson famously declared: "The prosecutor has more control over life, liberty, and reputation than any other person in America." Attorney General Robert H. Jackson, The Federal Prosecutor (Apr. 1, 1940). For residents of the District of Columbia, that sentiment reverberates today. For the last several weeks, judges in this District have seen case after case involving unprecedented prosecutorial action. In some cases, prosecutors have elected to pursue charges even after federal grand juries have refused to return an indictment. *See, e.g.*, Order at 1, *United States v. Stewart*, No. 25-mj-225, ECF No. 12 (D.D.C. Sept. 29, 2025); *United States v. Jones*, No. 25-mj-148 (D.D.C.); *United States v. Dunn*, No. 25-cr-252 (D.D.C.); *United States v. Wilson*, No. 25-mj-190 (D.D.C.); *United States v. Bryant*, No. 25-mj-173 (D.D.C.). In others, the Government has been charging cases notwithstanding apparent constitutional violations. *See, e.g.*, Order at 1 n.1, *Stewart*, No. 25-mj-225, ECF No. 12 (citing *United States v. Torez Riley*, No. 25-mj-154 (D.D.C.); and then citing *United States v. Thompson*, No. 25-cr-71 (D.D.C.)). Most troubling, prosecutors have rushed to charge cases before properly investigating them, resulting in individuals being detained for days only to have the Government voluntarily dismiss the charges against them at early hearings. *See, e.g.*, *United States v. Pichon*,

No. 25-mj-167 (D.D.C.); *United States v. Nguyen*, No. 25-mj-170 (D.D.C.); *see also* Order at 2, *United States v. Dana*, No. 25-mj-152, ECF No. 16 (D.D.C. Sept. 4, 2025) (noting "an unprecedented number of cases that the U.S. Attorney dismissed in the past ten days, all of whom were detained for some period of time"). Prosecutors have also seemingly disregarded the requirement in Rule 5 of the Federal Rules of Criminal Procedure that the Government bring a defendant before a Magistrate Judge without unnecessary delay. As a result, individuals have been detained for days despite the Government having no reason to detain them and in fact not seeking to detain them when it finally brought them to court. *See, e.g.*, *United States v. Cooper*, No. 25-mj-163-2, 2025 WL 2496013, at *1 (D.D.C. Aug. 27, 2025); *United States v. Rios-Esquivel*, No. 25-mj-162, 2025 WL 2451152, at *1 (D.D.C. Aug. 26, 2025). And just this week, prosecutors attempted to return a grand jury indictment from the Superior Court of the District of Columbia in *this* court after a federal grand jury refused to return an indictment. *See* Order at 1–2, *Stewart*, No. 25-mj-225, ECF No. 12. The instant case is another example of apparent prosecutorial machinations.

On September 8, 2025, the United States filed an Information charging Omari Juan Beidleman with one misdemeanor count of "Assaulting, Resisting, or Impeding Certain Officers or Employees," in violation of 18 U.S.C. § 111(a). ECF No. 7. Mr. Beidleman immediately asserted his constitutional and statutory right to a speedy trial and this Court set a trial date and pretrial deadlines that it told the Government it would not move. Trial is scheduled to begin next month. The Government is now apparently having second thoughts. Instead of complying with its pretrial deadlines for this federal prosecution, the Government moved to dismiss the case against Mr. Beidleman pursuant to Federal Rule of Criminal Procedure 48(a) so that it can instead

prosecute him in D.C. Superior Court. The Government asks that the dismissal be *without* prejudice in case it decides later that federal court is its preferred forum after all.

While the Government may attempt to prosecute Mr. Beidleman in Superior Court, it cannot do so while keeping its foot in the federal courthouse door. Dismissing the Information without prejudice would subject Mr. Beidleman to prosecutorial harassment. And the Government offers no compelling reasons—indeed, hardly any reasons at all—for why it should be allowed to retain the option to stop and restart Mr. Beidleman's federal prosecution. This is precisely why Federal Rule of Criminal Procedure 48(a) gives courts the discretion to reject a motion for dismissal without prejudice and instead order dismissal with prejudice. The Government points out that courts have only a narrow role when faced with a motion to dismiss without prejudice under Rule 48(a). True. But the Court would be abdicating its responsibility entirely under Rule 48(a) if it simply rubberstamped the Government's request. For the reasons that follow, the Court dismisses the Information against Mr. Beidleman *with* prejudice.

## BACKGROUND

On August 30, 2025, the United States filed a Complaint alleging that Mr. Beidleman violated 18 U.S.C. § 111(a) by assaulting, resisting, or impeding two Mississippi National Guardsmen who responded to an altercation at the Capitol South Metro Station. Compl. at 1, ECF No. 2. On September 8, 2025, the Government filed an Information charging a misdemeanor violation of 18 U.S.C. § 111(a). ECF No. 7. And on September 12, 2025, Mr. Beidleman appeared before this Court for an initial status conference. At that conference, Mr. Beidleman asserted his constitutional and statutory right to a speedy trial and declined to exclude time under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.* Accordingly, the Court set trial for November 17, 2025, and issued an order setting deadlines for the Parties to file any necessary pretrial motions. The Court informed counsel that it would not move any deadlines. On September 19, 2025, in compliance

with the Court's Pretrial Order, ECF No. 14, Mr. Beidleman filed a motion to dismiss the Government's Information for failing to state a federal offense. ECF No. 15. In short, Mr. Beidleman argued the two Mississippi National Guardsmen "were not federal officers lawfully engaged in official duties" at the time of their encounter with Mr. Beidleman, "[n]or were they assisting any specific officer in such lawful official duties," and thus the Government's allegations were "insufficient to establish a violation of 18 U.S.C. § 111(a)(1). Def.'s Mot. Dismiss 1, ECF No. 15.

Under the Court's Pretrial Order, the Government's response to Mr. Beidleman's motion was due on September 26, 2025. ECF No. 14, at 1. Three days before that deadline, and despite the Court's earlier admonition, the Government asked for an extension of time to file its response.[1] ECF No. 16. The Court granted a three-day extension, but the Government ultimately decided not to file that response. Instead, on September 25, 2025, the Government filed the instant motion to dismiss its case against Mr. Beidleman *without* prejudice. US Mot. Dismiss, ECF No. 20. Mr. Beidleman responded the next day with his own motion to dismiss the case *with* prejudice. Def.'s Second Mot. Dismiss, ECF No. 21. The Government has since filed a Reply in support of its Motion and in opposition to Mr. Beidleman's Motion. US Reply, ECF No. 22. In its Reply, the Government states that it "is charging Mr. Beidleman in Superior Court with assault, pursuant to D.C. Code § 22-404(a)(1), which carries with it a maximum sentence of 180 days imprisonment." U.S. Reply 2.

---

[1] The Government did not disclose in its extension motion that it had contacted counsel for Mr. Beidleman, who indicated that he opposed the request. *See* ECF Nos. 16, 17. After the Court asked for an explanation, the Government acknowledged that it is the Government's practice to disclose that information in filings, but claimed its withholding was an unintentional "oversight." ECF No. 18. Had the Government been forthright in its filing, the Court would not have granted the request.

## DISCUSSION

Federal Rule of Criminal Procedure 48(a) provides that "[t]he government may, *with leave of court*, dismiss an indictment, information, or complaint." Fed. R. Crim. P. 48(a) (emphasis added). "The primary reason for the 'leave of court' requirement is to 'protect[ ] a defendant from harassment, through a prosecutor's charging, dismissing without having placed a defendant in jeopardy, and commencing another prosecution at a different time or place deemed more favorable to the prosecution.'" *United States v. Pitts*, 331 F.R.D. 199, 202 (D.D.C. 2019) (quoting *United States v. Ammidown*, 497 F.2d 615, 620 (D.C. Cir. 1973)); *see also Rinaldi v. United States*, 434 U.S. 22, 29 n.15 (1977) (per curiam) ("The principal object of the 'leave of court' requirement is apparently to protect a defendant against prosecutorial harassment, *e.g.*, charging, dismissing, and recharging, when the Government moves to dismiss an indictment over the defendant's objection."). While there is generally a "strong presumption in favor of a no-prejudice dismissal," that presumption may be overcome where such a dismissal "would result in harassment of the defendant or would otherwise be contrary to the manifest public interest." *United States v. Poindexter*, 719 F. Supp. 6, 10 (D.D.C. 1989). A court's decision regarding whether to dismiss with or without prejudice thus ultimately hinges on "the purpose sought to be achieved by the government and its effect on the accused." *Id.*

Courts in this District have regularly rejected requests for dismissal without prejudice where the government appears to seek a "tactical advantage" or where the threat of re-prosecution subjects the defendant to harassment. *See Pitts*, 331 F.R.D. at 203. In *Pitts*, for example, the government requested a dismissal without prejudice because it had failed to test "DNA swabs" from a gun it was alleging the defendant had possessed and it hoped to re-initiate the case once the tests were done. *Id.* at 202. In rejecting the request, the court noted that "dismissing a case without prejudice only to bring charges when the case is in a better posture for the government is precisely

the type of strategic use of Rule 48 that the D.C. Circuit has proscribed." *Id.* at 204 (citing *Ammidown*, 497 F.2d at 620). The court also noted that it would be "contrary to the manifest public interest" and would "amount to objective harassment" to leave the defendant—who had already been arrested and prosecuted twice—under "threat . . . of prosecution . . . for a third time" simply because the government wanted to cure defects in its case. *Id.* at 205.

In *United States v. Borges*, the court similarly dismissed a case with prejudice where the government sought dismissal so that it could attempt to cure a problem with a key witness. 153 F. Supp. 3d 216, 220–21 (D.D.C. 2015). In so doing, the court noted that it had "an obligation to protect [the] defendants from the uncertainty that the risk of a future prosecution entails because it amounts, objectively, to harassment." *Id.* at 220.

And in *Poindexter,* the court refused to dismiss without prejudice where "the government's reasons for keeping open the possibility" of a later prosecution were "somewhat murky" and where the defendant "would have to wait in a state of uncertainty . . . for an indefinite period of time until the government decided that, somehow, for some reason, the time had become more propitious for proceeding with a trial." 719 F. Supp. at 11–12.

Applying these principles here, the Court finds that dismissal *with* prejudice is warranted. What is striking about the Government's brief is the absence of any affirmative reason why the Government is seeking a dismissal without prejudice at this late stage with a trial on the Court's calendar. The Government states that it "has sought to dismiss charges against the Defendant in U.S. District Court to proceed against him in D.C. Superior Court." U.S. Reply 5. In its view, that assertion "is sufficient to meet the '*de minimis*[ ] burden to explain why dismissal without prejudice would serve the public interest.'" *Id.* (quoting *United States v. Madzarac*, 678 F. Supp.

3d 42, 47 (D.D.C. 2023)). The Court disagrees that a bare "because I want to" assertion is a sufficient explanation to permit the Government to keep a foot in the federal courthouse door.

The Government attempts to avoid this outcome by arguing that a dismissal without prejudice "would serve the public interest" and would "not constitute harassment of the defendant." U.S. Reply 6–8. In arguing against Mr. Beidleman's requested dismissal with prejudice, however, the Government's "reasons for keeping open the possibility" of a later prosecution are "murky" at best. *Poindexter*, 719 F. Supp at 11.

As it relates to the public interest, the Government argues that (1) "prosecution of [Mr. Beidleman] in Superior Court will facilitate an equally just resolution of this case," and (2) moving its prosecution to D.C. Superior Court will avoid potential resource costs and risks associated with litigating Mr. Beidleman's substantive Motion to Dismiss, ECF No. 15. U.S. Reply 6. Although both these arguments support dismissal, the Court does not see why they support a dismissal without prejudice. The Government is certainly well within its rights to elect whether it will prosecute a defendant in federal or local court and to make those decisions based in part on resource considerations. *See United States v. Simmons*, No. 18-cr-344, 2022 WL 1302888, at *20 (D.D.C. May 2, 2022). But it is highly problematic for the Government to do so *after* it has already chosen to proceed in federal court, the Defendant has filed a substantive motion, and the Court has scheduled trial—all while leaving open the possibility that it will return to federal court to restart that process. And it is not at all clear why the Government's ability to more efficiently obtain a just outcome in D.C. Superior Court should permit the Government to retain the option of later returning to federal court to restart federal proceedings against Mr. Beidleman. If anything, it seems to suggest the opposite—that dismissal with prejudice would not meaningfully harm the public's interest in seeing that justice is done.

7

As it relates to harassment, the Government argues (1) that it "can validly elect" to shift its prosecution of a defendant from federal court to Superior Court or vice versa, U.S. Reply 7; (2) that it is not harassment to prosecute Mr. Beidleman in D.C. Superior Court because had Mr. Beidleman prevailed on his first Motion to Dismiss, the Government "would likely have refiled charges in Superior Court anyway," U.S. Reply 8; and (3) that Mr. Beidleman's fear that he might someday be charged "again in federal court" is purely speculative and cannot on its own amount to harassment, *id.*

The Court once again struggles to see how these arguments support a dismissal *without* prejudice. Mr. Beidleman does not dispute that—notwithstanding his challenges to the sufficiency of the Government's Information—the Government could have initially charged him in Superior Court *or* federal court. The harassment to which Mr. Beidleman is exposed by a dismissal without prejudice is not that he may be prosecuted in one court rather than the other. It is that he could be caught in a cycle of the Government repeatedly "charging, dismissing, and recharging" him in federal and local court "over [his] objection" while he is denied his constitutional and statutory right to a speedy trial and an opportunity to prove his innocence. *Rinaldi*, 434 U.S. at 29 n.15. The harassing nature of the Government's conduct is even more acute given that Mr. Beidleman's trial date is already set for next month. Moreover, the Government's express disavowal of "any present intention to pursue criminal charges against" Mr. Beidleman in federal court, U.S. Reply 8 (quoting *United States. v. Florian*, 765 F. Supp. 2d 32, 36 (D.D.C. 2011)), again begs the question of why it serves the public interest for the Government to retain the option to re-file federal charges.

Indeed, one of the Government's responses to Mr. Beidleman's request for dismissal with prejudice proves too much. The Government indicates that moving to D.C. Superior Court enables the Government to avoid the litigation costs and risks associated with opposing Mr. Beidleman's

substantive Motion to Dismiss (ECF No. 15), the Court's resolution of which "may have implications beyond the case at hand." U.S. Reply 6. But the Government's desire to avoid a decision from this Court regarding a potential defect in this case or others is far from a legitimate reason to permit future re-prosecution. This argument instead suggests that the Government might try to return to federal court when it feels better positioned to litigate the issues raised in Mr. Beidleman's Motion. Such improved positioning could flow simply from the Government buying more time to figure out how best to respond.[2] Or, it might result from the Government re-filing its charge against Mr. Beidleman when it has greater litigation resources to devote to his prosecution. Either way, dismissing the case without prejudice so that the Government might re-file its case when it is "in a better posture" would be enabling the "type of strategic use of Rule 48 that the D.C. Circuit has proscribed." *Pitts*, 331 F.R.D. at 204 (citing *Ammidown*, 497 F.2d at 620). It would be handing the Government a "tactical advantage" of the sort that was denied by the courts in *Pitts*, *Borges*, and *Poindexter*.

Even if the Court were to look beyond this improper purpose, "[t]he ultimate decision regarding a dismissal with prejudice depends on the 'purpose sought to be achieved by the government and its effect on the accused.'" *Pitts*, 331 F.R.D. at 205 (quoting *Poindexter*, 719 F. Supp. at 10)). Here, the Government's explanation of its purpose in seeking dismissal without prejudice is paltry, and the harm to Mr. Beidleman is substantial. As in *Pitts*, a dismissal without prejudice would place Mr. Beidleman under threat that at any time the Government might dismiss

---

[2] The sequence of events in this case is not lost on the Court. Mr. Beidleman filed a Motion to Dismiss, and the Government asked for an extension of time to respond—conveniently omitting that Mr. Beidleman opposed that extension—which the Court granted only in part. *See* ECF Nos. 15, 16, 17, 18. Then, rather than opposing Mr. Beidleman's Motion, the Government filed the instant Rule 48(a) motion. *See* ECF No. 20. This suggests the Government had not anticipated Mr. Beidleman's arguments and thus was not well-positioned to respond.

its charges against him in D.C. Superior Court and restart his prosecution "for a third time." *Pitts*, 331 F.R.D. at 205. This amounts to "objective harassment." *Id.* A dismissal with prejudice will protect Mr. Beidleman from this harassment, it will help him vindicate his right to a speedy trial, and it will serve the public's interest in maintaining a criminal justice system in which those who are accused are not impaired in their ability to defend themselves by delay or subjected to unnecessary "anxiety and concern accompanying public accusation." *United States v. James*, 861 F. Supp. 151, 152 (D.D.C. 1994) (quoting *United States v. Ewell*, 383 U.S. 116, 120 (1966)).

In sum, it appears the Government seeks to dismiss this case without prejudice so that it might someday "prosecute [Mr. Beidleman] 'at a different time'" that it finds "more favorable." *Pitts*, 331 F.R.D. 204 (quoting *Ammidown*, 497 F.2d at 620). "The fair administration of justice does not countenance the use of such ploys." *Id.*; *see also United States v. Fields*, 475 F. Supp. 903, 908 (D.D.C. 1979) ("[T]he government is not free to indict, dismiss, and reindict solely to achieve a more favorable prosecutorial posture."). To the extent the Government is not seeking a tactical advantage, the Court is still persuaded that a dismissal without prejudice "would result in harassment" to Mr. Beidleman and would be "contrary to the manifest public interest." *Poindexter*, 719 F. Supp. at 10. This is especially true given that Mr. Beidleman has consistently and unequivocally asserted his constitutional and statutory right to a speedy trial and now, only six weeks from having that right vindicated, is being dragged back to square one in D.C. Superior Court. The Information against Mr. Beidleman must therefore be dismissed with prejudice.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS the Defendant's Motion to Dismiss with Prejudice, ECF No. 21, and DENIES the United States's Motion to Dismiss without Prejudice, ECF No. 20.

A separate order will issue.

_____
SPARKLE L. SOOKNANAN
United States District Judge

Date:   October 1, 2025